UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| RALPH BROOKS, | ) |
|     Petitioner, | ) |
|         v. | ) Case No. 07-cv-1287 |
| UNITED STATES OF AMERICA, | ) |
|     Respondent. | ) |

**O R D E R**

Before the Court is the Petition to Proceed *in forma pauperis* filed by Petitioner, Ralph Brooks, on October 26, 2007 [Doc. 1] and the Motion to Vacate, Set Aside, or Correct Sentence filed by Petitioner on October 26, 2007 [Doc. 2].  For the reasons that follow, the Motion to Vacate is DISMISSED and the Motion to Proceed *in forma pauperis* is DENIED WITHOUT PREJUDICE.

**BACKGROUND**

On September 16, 2004, Petitioner, Ralph Brooks, was indicted, along with Marvin U. Landfair, for taking $9,000.00 from a bank by force in violation of 18 U.S.C. § 2113(a). Petitioner entered a blind plea of guilty on February 25, 2005. He was sentenced on September 2, 2005 to 155 months of incarceration, 3 years of supervised release, restitution in the amount of $4,720.00, and a special assessment of $100.00. Petitioner appealed his sentence on September 21, 2005.  On July

24, 2006, the Court of Appeals decided that, notwithstanding an error in calculating Petitioner's offense level,[1] the sentence was reasonable.  The Court of Appeals issued its mandate on August 15, 2006.  Petitioner did not appeal this decision to the United States Supreme Court.

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence on October 26, 2007.  In the Motion, Petitioner raises only one ground for relief: "Movant received a disparate sentence in relation to co-defendant" (all caps omitted).  In the supporting facts section, Petitioner states: "Movant[']s co-defendant though having a similar criminal background as movant Brooks received a considerably lower sentence then [sic] Mr. Brooks" (all caps omitted).  Co-Defendant Landfair, who also entered a blind plea of guilty, was sentenced to 84 months of incarceration and 3 years of supervised release.

---

[1] By way of explanation, during sentencing this Court initially calculated Petitioner's offense level without taking into account his career offender status.  In that initial calculation, this Court added two levels to the base offense level of 20 because Petitioner's co-defendant, Landfair, threatened to kill persons during the robbery.  In adding these two levels, this Court held that Landfair's actions were attributable to Petitioner, finding that death threats are reasonably foreseeable during bank robberies.  The Court of Appeals held that such a finding was error because the proper question to be answered is whether the use of death threats was reasonably foreseeable in the *particular case*.  Nonetheless, this error was harmless because the two level increase had no bearing in Petitioner's sentence because he was a career offender (which raised his base offense level from 20 to 32).

**DISCUSSION**

A sentence may be vacated or set aside if it was imposed in violation of the laws of the United States. 29 U.S.C. § 2255, ¶ 1. In accordance with Rule 4 of the Rules Governing Section 2255 Proceedings, this Court must conduct a preliminary review to determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If the Petitioner is not entitled to relief, this Court must dismiss the motion. Id. It plainly appears from the Motion that Petitioner is not entitled to relief.

Petitioner only argues that his sentence is invalid because it is higher than his co-Defendant's sentence. Title 28 U.S.C. § 3553 provides that when imposing a sentence, this Court must consider, among other things, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Id. at § 3553(a)(6). In the very case cited by Petitioner, United States v. Pisman, 443 F.3d 912 (7th Cir. 2006), the Seventh Circuit Court of Appeals noted that "the § 3553(a) concern with sentence disparity is not one that focuses on differences among defendants in an individual case, but rather is concerned with unjustified difference across judges or districts." Id. at 916. In this particular Motion, Petitioner only compares his sentence

to his co-Defendant.  Petitioner has raised no argument that his sentence is inconsistent with other defendants who are comparable to him.  For this reasons alone the Motion must be dismissed.

Moreover, Petitioner already has raised the reasonableness of his sentence on direct appeal and failed.  His Motion before this Court merely offers a different theory of why his sentence is unreasonable.  Such an argument should have and could have been raised on direct appeal. Varela v. United States, 481 F.3d 932, 935-936 (7th Cir. 2007 ("Issues that were raised on direct appeal may not be reconsidered on a § 2255 motion absent changed circumstances.").  The Seventh Circuit has found that Petitioner's sentence is reasonable and Petitioner cannot now prevail on a theory that his sentence is unreasonable because it is not congruent with Landfair's sentence.  See United States v. Boscarino, 437 F.3d 634, 638 (7th Cir. 2006) ("A sentence within a properly ascertained range therefore cannot be treated as unreasonable by reference to § 3553(a)(6)."); See also Rita v. United States, ___ U.S. ___, 127 S.Ct. 2456, (2007) (a sentence within a properly calculated guidelines range may be presumed correct by the Courts).  For this additional reason, Petitioner's Motion must fail.

A final note with respect to Petitioner's Motion to proceed *in forma pauperis*.  Petitioner did not attach a certified copy

4

of his trust fund account statement for the previous six months as required by 28 U.S.C. § 1915(a)(2).

## **CONCLUSION**

For the foregoing reasons, the Petition to Proceed *in forma pauperis* filed by Petitioner, Ralph Brooks, on October 26, 2007 [Doc. 1] is DENIED WITHOUT PREJUDICE and the Motion to Vacate, Set Aside, or Correct Sentence filed by Petitioner on October 26, 2007 [Doc. 2] is DISMISSED.

CASE TERMINATED.


Entered this  5th  day of November, 2007

                                          s/ Joe B. McDade
                                          JOE BILLY McDADE
                                  United States District Judge